**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SENRICK SHERN WILKERSON,** ) | |
| **ID # 10093432,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:13-CV-1694-M  (BH) |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Dallas County jail, filed an initial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 3, 2013, and an amended petition on May 14, 2013. The respondent is Rick Thaler, Director of TDCJ-CID.

On December 17, 2010, petitioner was convicted of compelling prostitution, sexual assault of a child, and sexual performance of a child in Cause Nos. F08-60213, F10-01183, and F10-01184. The trial court sentenced him to eight years in each case. *See* Amended Petition (Pet.) at 2; *Wilkerson v. State*, 2012 WL 2877623 (Tex. App.–Dallas July 16, 2012, pet. ref'd). He filed a direct appeal of these convictions, arguing that the evidence was insufficient to support his convictions, and that the trial court erred in admitting certain evidence and in failing to submit a complete jury charge to the jury. *Id*. at *1. Petitioner's convictions and sentences were affirmed in an unpublished opinion on July 16, 2012. *Id*. On March 27, 2013, his petitions for discretionary review (PDR) were

refused by the Texas Court of Criminal Appeals. *See* PD-0964-12, PD-0965-12, PD-0966-12 . Petitioner's first state writ in the trial court was dismissed by the Court of Criminal Appeals because the direct appeal was still pending. *See Ex parte Wilkerson*, WR-77,138-10 (Tex. Crim. App. May 8, 2013).[1] He currently has state writs pending that have not yet been ruled on by the Court of Criminal Appeals. (*See* Pet. at 4; www.dallascounty.org, Cause Nos. W08-60213-B, W10-01183-B, W10-01184-C; *see also* www.cca.courts.state.tx.us, search for petitioner).

In his federal petition, petitioner asserts that he was never arrested on the charges and never read his *Miranda* rights or arraigned on the charges, that the prosecutor committed misconduct, and that his trial counsel provided ineffective assistance of counsel. (Pet. at 6-7).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

---

[1] Petitioner has also sought leave to file original writs of habeas corpus directly with the Court of Criminal Appeals, but leave has been denied. *See Ex parte Wilkerson*, WR-77,138-08 (Tex. Crim. App. Jan. 16, 2013); *Ex parte Wilkerson*, WR-77,138-11 (Tex. Crim. App. May 8, 2013).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, petitioner has not fairly presented the four claims he raises in his federal petition to the Court of Criminal Appeals. While he did appeal his conviction, he did not raise these issues on direct appeal, and his state applications for writ of habeas corpus have not been ruled on by the Court of Criminal Appeals. The Court of Criminal Appeals has not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 21st day of May, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE