IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SENRICK SHERN WILKERSON, ) <br> ID # 10093432, ) <br>     Petitioner, ) <br> vs. ) <br> ) <br> RICK THALER, Director, ) <br> Texas Department of Criminal Justice, ) <br> Correctional Institutions Division, ) <br>     Respondent. ) | No. 3:13-CV-1694-M-BH <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the order of reference, before the Court for recommendation is petitioner's *Disagreement with this Courts Dismissal of this Case/Request to Reopen Case,* received on June 21, 2013 (doc. 47). Based on the relevant filings, evidence and applicable law, this filing should be construed as a Rule 60(b) motion for relief from judgment and should be **DENIED**.

**I. BACKGROUND**

On May 4, 2013, the petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2010 Dallas County convictions for compelling prostitution, sexual assault of a child, and sexual performance of a child in Cause Nos. F08-60213, F10-01183, and F10-01184. *See* Amended Petition (Pet.) at 2; *Wilkerson v. State*, 2012 WL 2877623 (Tex. App.–Dallas July 16, 2012, pet. ref'd). On June 3, 2013, this Court entered judgment dismissing his habeas petition without prejudice for failure to exhaust state court remedies. (doc. 41). The petitioner disagrees with the dismissal and presents new evidence that the Texas Court of Criminal Appeals dismissed his state habeas application because a direct appeal was pending after the judgment was entered in this case. (doc. 41 at 2). He also asserts that the case should be re-opened and that his claims should be addressed on their merits. *Id*. at 1.

## II.  RULE 60(B)

Because the petitioner seeks to re-open this dismissed case based on newly discovered evidence, his filing should be construed as motion for relief from judgment under Rule 60(b)(2). Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).

The petitioner's new evidence does not entitle him to relief from judgment.  His federal habeas petition was dismissed because he had not exhausted the claims he raised as required under 28 U.S.C. § 2254(b).  To do so, he must fairly present the factual and legal basis of these claims to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

The petitioner did not raise the claims in his current federal petition in a PDR.  The Court of Criminal Appeals has dismissed numerous state applications filed by petitioner (including the one noted in the attachment to his filing) because the direct appeals of his three convictions were

pending when they were filed. *See Ex parte Wilkerson*, WR-77,138-01 (Tex. Crim. App. Feb. 15, 2012); *Ex parte Wilkerson*, WR-77,138-02 (Tex. Crim. App. July 11, 2012); *Ex parte Wilkerson*, WR-77,138-03 (Tex. Crim. App. Aug. 22, 2012); *Ex parte Wilkerson*, WR-77,138-04 (Tex. Crim. App. Aug. 22, 2012); *Ex parte Wilkerson*, WR-77,138-10 (Tex. Crim. App. May 8, 2013); *Ex parte Wilkerson*, WR-77,138-12 (Tex. Crim. App. June 12, 2013); *Ex parte Wilkerson*, WR-77,138-13 (Tex. Crim. App. June 12, 2013). That court has therefore not addressed the petitioner's claims on their merits. He must raise these claims in state habeas applications filed in a procedurally correct manner in the trial court. *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004) (holding that a state habeas application is not properly filed when it is filed before the judgment was final because the Court of Criminal Appeals did not have jurisdiction to consider the application).

Because the claims raised in petitioner's federal habeas petition were not exhausted at the state level, his federal petition was properly dismissed without prejudice for failure to exhaust. His new evidence still does not establish that he has exhausted at the state level, so his motion for relief from judgment should be denied.

### III. RECOMMENDATION

Petitioner's *Disagreement with this Courts Dismissal of this Case/Request to Reopen Case* (doc. 47) should be construed as a Rule 60(b)(2) motion and should be **DENIED**.

**SIGNED** this 27th day of June, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4