IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SENRICK SHERN WILKERSON, ) | |
| ID # 10093432, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:13-CV-1694-M-BH |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the order of reference, before the Court for recommendation are petitioner's *Motion for Relief From Judgment*, received on July 5, 2013 (doc. 51), and *Facts, Findings, Conclusions and Recommendation of Senrick Wilkerson,* received on July 9, 2013 (doc. 52). Based on the relevant filings, evidence and applicable law, these filings should be construed as Rule 60(b) motions for relief from judgment and should be **DENIED**.

**I. BACKGROUND**

On May 4, 2013, the petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2010 Dallas County convictions for compelling prostitution, sexual assault of a child, and sexual performance of a child in Cause Nos. F08-60213, F10-01183, and F10-01184. *See* Amended Petition (Pet.) at 2; *Wilkerson v. State*, 2012 WL 2877623 (Tex. App.–Dallas July 16, 2012, pet. ref'd). On June 3, 2013, his habeas petition was dismissed without prejudice for failure to exhaust state court remedies. (doc. 41). The petitioner now presents argument regarding the alleged illegality of his underlying convictions (doc. 52) and argues that the state courts have not considered the state habeas applications he has filed. He expressly invokes Fed. R. Civ. P. 60(b)(2) and also states that he seeks to re-open this dismissed case "based on

reasons of the mistakes, excusable neglect, fraud, misrepresentation by defense & appeals counsel, the tampering with government documents, and the misconduct by Dallas County Court and their officials." (doc. 51 at 1). He also reasserts his federal habeas claims. (doc. 52).

## II.  RULE 60(b)

Rule 60(b) of the Federal Rules of Evidence provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  FED. R. CIV. PROC. 60(b)(1)-(6).

Although the petitioner expressly seeks relief from judgment pursuant to Rule 60(b)(1) based on mistake, inadvertence, surprise or excusable neglect, he makes no factual allegations to support a finding that the judgment in this case was entered against him for any of these reasons. For this reason, relief under this section is not warranted. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 938 (5th Cir.1999).  Nor has he identified any newly discovered evidence that would warrant relief under Rule 60(b)(2).  To succeed on a motion under that section, the "movant must demonstrate '(1) that it exercised due diligence in obtaining the information; and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Thermacor Process, L.P. v. BASF Corp.,* 567 F.3d 736, 744  (5th Cir. 2009) (quoting *Hesling v. CSX Transp., Inc.,* 396 F. 3d 632, 639 (5th Cir. 2005)).  Finally, Rule 60(b)(3) relief is only granted in cases where there has been fraud, misrepresentation, or misconduct by the

opposing party. *See Jackson v. Thaler*, 348 Fed.. App'x. 29, 34 (5th Cir.2009). The respondent was never served in this case and has not appeared. The petitioner has not alleged or shown fraud or misrepresentation by the respondent in this case. He only makes conclusory allegations regarding fraud or misrepresentation in the state proceedings that he seeks to challenge.

The petitioner's contentions may also be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). It is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Here, the petitioner's federal habeas petition was dismissed because he had not exhausted the claims he raised as required under 28 U.S.C. § 2254(b). He did not raise the claims in his federal petition in a PDR before the Court of Criminal Appeals. The Court of Criminal Appeals has

3

dismissed numerous state applications filed by petitioner because the direct appeals of his three convictions were pending when they were filed. *See Ex parte Wilkerson*, WR-77,138-01 (Tex. Crim. App. Feb. 15, 2012); *Ex parte Wilkerson*, WR-77,138-02 (Tex. Crim. App. July 11, 2012); *Ex parte Wilkerson*, WR-77,138-03 (Tex. Crim. App. Aug. 22, 2012); *Ex parte Wilkerson*, WR-77,138-04 (Tex. Crim. App. Aug. 22, 2012); *Ex parte Wilkerson*, WR-77,138-10 (Tex. Crim. App. May 8, 2013); *Ex parte Wilkerson*, WR-77,138-12 (Tex. Crim. App. June 12, 2013); *Ex parte Wilkerson*, WR-77,138-13 (Tex. Crim. App. June 12, 2013). That court has therefore not addressed the petitioner's claims on their merits. He must raise these claims in state habeas applications filed in a procedurally correct manner in the trial court. *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004) (holding that a state habeas application is not properly filed when it is filed before the judgment was final because the Court of Criminal Appeals did not have jurisdiction to consider the application).

The petitioner asserts both that the Dallas trial courts have not properly considered his state writ applications and that his claims have merit. (docs. 51, 52). With regard to his argument regarding his attempts to exhaust his state remedies, the records for both Dallas County and the Court of Criminal Appeals reflect that the trial court has addressed seven writ applications filed by petitioner in these three cases, and that the Court of Criminal Appeals has dismissed all of them because the direct appeals were pending when they were filed. (*See* www.dallascounty.org, search for W08-60123, W10-01183, and W10-01184; and www.cca.courts.state.tx.us, search for WR-77138-01, -02, -03, -04, -10, -12, -13). Petitioner has not alleged, or demonstrated, that he has attempted to file new state habeas applications in the trial court after his federal habeas petition was dismissed that have not been accepted by that court. He has therefore not demonstrated either that

4

there is the absence of an available state corrective process or that the state process is ineffective to protect his rights such that he is unable to exhaust his remedies in the state court. *See* 28 U.S.C. § 2254(b)(1)(B). He has not shown, under the *Seven Elves* test, that the interest in deciding his case on its merits outweighs the interest in the finality of the judgment.

With regard to his arguments regarding the merits of his claims, because the claims raised in the petitioner's federal habeas petition were not exhausted at the state level, his federal petition was properly dismissed without prejudice for failure to exhaust. Therefore, the merits of his claims should not be considered by this Court, and the motion for relief from judgment should be denied.

### III. RECOMMENDATION

Petitioner's *Motion for Relief From Judgment*, received on July 5, 2013 (doc. 51), and *Facts, Findings, Conclusions and Recommendation of Senrick Wilkerson,* received on July 9, 2013 (doc. 52) should be construed as a Rule 60(b) motions and should both be **DENIED**.

**SIGNED this 9th day of July, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE