IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SENRICK SHERN WILKERSON, ) <br> ID # 10093432, ) <br>     Petitioner, ) <br> vs. ) <br> ) <br> RICK THALER, Director, ) <br> Texas Department of Criminal Justice, ) <br> Correctional Institutions Division, ) <br>     Respondent. ) | No. 3:13-CV-1694-M-BH <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Relief From Judgment Pursuant to Rule 60(b)*, received on August 8, 2017. (Doc. 67.) Based on the relevant filings, evidence and applicable law, the motion should be construed as a successive petition for writ of habeas corpus under 28 U.S.C. § 2254, opened as a new case, and **TRANSFERRED** to the court of appeals.

**I. BACKGROUND**

On May 14, 2013, Senrick Shern Wilkerson (Petitioner) filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2010 Dallas County convictions for compelling prostitution, sexual assault of a child, and sexual performance of a child in Cause Nos. F08-60213, F10-01183, and F10-01184. (Doc. 7.) On June 3, 2013, his habeas petition was dismissed without prejudice for failure to exhaust state court remedies. (doc. 41).

Petitioner subsequently challenged his convictions in state and federal habeas proceedings. *Ex parte Wilkerson*, Nos. 77,138-14 and -15 (Tex. Crim. App. September 11, 2013) (denying state applications); *Wilkerson v. Baggett*, No. 3:14-CV-0476-P (N.D. Tex. March 5, 2015) (denying

federal application), *aff'd*, *Wilkerson v. Stephens*, No. 15-10228 (5th Cir. February 4, 2016).

Petitioner has also previously filed numerous civil actions over his prosecution in Cause Nos. F08-60213, F10-01183, and F10-01184. *See Wilkerson v. Grona-Robb, et al.*, No. 3:13-CV-2634-O (N.D. Tex. September 4, 2013) (claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because plaintiff's convictions had not been set aside); *Wilkerson v. Watkins*, No. 3:13-CV-1326-M (N.D. Tex. December 16, 2013) (claims against district attorney barred by res judicata and *Heck*); *Wilkerson v. Dallas Police Dep't, et al.*, No. 3:12-CV-1832-K (N.D. Tex. July 12, 2012) (complaint dismissed as malicious for seeking to relitigate frivolous claims); *Wilkerson v. Texas, et al.*, No. 3:12-CV-1830-L (N.D. Tex. July 31, 2012) (claims barred by *Heck*); *Wilkerson v. Grona-Robb, et al.*, No. 3:11-CV-1242-N (N.D. Tex. November 10, 2011) (claims against prosecutor barred by prosecutorial immunity and *Heck*); *Wilkerson v. Brooke, et al.*, No. 3:11-CV-659-B (N.D. Tex. May 18, 2011) (claims against prosecutor barred by prosecutorial immunity and *Heck* ).

Sanctions have been imposed against Petitioner. In *Wilkerson v. Watkins*, No. 3:13-CV-1326-M, 2013 WL 6602861 (N.D. Tex. Dec. 16, 2013), it was noted that he had previously filed numerous suits in federal court as a plaintiff based on the same criminal prosecutions at issue in this habeas case. He was sanctioned $200 and "barred from filing any other actions, motions, or pleadings of any kind challenging his conviction without first obtaining the permission of a district judge or magistrate judge." *Id.* No. 3:13-CV-1326-M (docs. 139, 140), 2013 WL 6602861 at *1.

## II. NATURE OF SUIT

Petitioner now presents argument regarding the alleged illegality of his underlying convictions. (Doc. 67.)

A motion for relief from judgment that seeks to advance one or more substantive habeas

2

claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 60(b), however. *See Gonzalez*, 545 U.S. at 538 (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment"); *see also Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) (per curiam) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive . . . application") (citations omitted).

Because Petitioner's motion does not challenge the failure to reach the merits of his original habeas petition and asserts new grounds for relief from the underlying state court conviction he originally challenged in this case and in *Wilkerson v. Baggett*, No. 3:14-CV-0476-P (habeas petition denied), it is properly construed as a successive habeas petition under 28 U.S.C. § 2254.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great*

3

*W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same convictions that he challenged in a prior federal petition that was denied on its merits. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

4

exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive petition for habeas relief, this Court lacks jurisdiction over this action.

5

## IV.  RECOMMENDATION

Petitioner's motion for relief from judgment under Rule 60(b) should be **CONSTRUED** as a successive petition under 28 U.S.C. § 2254 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).  The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this habeas case; (2) open a new habeas case for administrative purposes only; (3) file the post-judgment motion as a § 2254 petition filed August 8, 2017 in that new case; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation , and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 11th day of August, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE